The opinion of the court was delivered by
Spencer, J.
The plaintiff alleges that Wade H. Yarnado and William Eicks, in March, 1875, with force and arms, drove his family out of his dwelling, and away from his premises, and lawlessly threw his furniture out of said dwelling, thus dispossessing petitioner of his home, and then nailed the doors and windows, and prevented petitioner’s return to his said home ; and that, by their “ violent, lawless, and criminal con-■duet,” they damaged him in the sum of §5000.
That since said wrong Wade H. Varnado has departed this life, leav *927 Ing his widow, Dicey Yarnado, and Oelia Yarnado, wife of William Ricks, and R. Scott Yarnado, children of age; and that said widow and two heirs, Oelia and R.' Scott Yarnado, have taken possession of his property without inventory, and are, therefore, liable for the debts of said deceased wrongdoer and trespasser aforesaid.
He prays for judgment against Ricks for $5000, and against the widow and two heirs of Wade H. Yarnado, jointly, for $5000, according to their respective interests in the estate of said Wade H. Yarnado.
The defendants pleaded the general denial. The case was tried by a jury, who found a verdict for $5000 damages for plaintiff.- The court thereupon rendered judgment against the defendants for that sum, as follows : against Ricks for $5000 ; against the widow in community for $2500; and against each of the two heirs for $1250, the judgment being in solido. Defendants appeal.
1. They urge in this court on behalf of the widow and heirs of Wade H. Yarnado, that the action against an offender is personal, and dies with him.
2. That there is no proof that Dicey Yarnado is the widow, nor that Celia and R. Scott Yarnado are the heirs of Wade H. Yarnado, nor that they are possessed of his estate.
3. That the judgment is not in conformity to tlie verdict.
4. That the damages are excessive.
We will consider these objections in their order.
1. As to the liability of heirs and legal representatives of the wrongdoer for damages resulting from his torts, crimes, and offenses. Under the Roman civil law, except when instituted and put at issue before death, actions for damages resulting from crimes and offenses perished by the death of the wrongdoer, or of the sufferer; with this qualification, however, that the heir of the wrongdoer was not permitted to profit by the wrong, or retain the fruits of it. Inst. Lib. iv. tit. 12, sec. 1; Dig. 50, tit. 17,1. 38.
Both principles have been modified by express provision of our law.
Article 25, C. P., provides: “ Heirs and universal legatees may be sued for civil reparation of the injury caused by the crimes or misdemeanors of the deceased whose succession they have accepted, although no action wTas instituted for that purpose against the deceased during his life, and although neither he nor his heirs have been benefited by such offense.” The act of 1855, now part of article 2315, C. C., provides that “the right of this action shall survive in case of death, in favor of the minor children and widow of the deceased, or either of them, and in default of these, in favor of the surviving father and mother, or either of them, for. the space of one year from the death.”
*928 By our law, as by the Roman law, actions for torts do not abate by the death of either of the parties after issue joined. C. P. 21, Vincent vs. Sharp, 9 A. 463.
It will be seen that by article 25, O. P., the liability of the heirs and representatives of the wrongdoer, who has not been sued before his death, is limited to the civil reparation of the injury done by him. This language, we think, clearly excludes their liability for exemplary or punitory damages. The measure of their liability consists in repairing the actual damage done to the person or property of the sufferer. Any thing more is in the nature of punishment, and neither reason nor law would sanction its infliction upon any other than the wrongdoer. The same principle should apply to the liability of the surviving widow who accepts the community. Her liability is for one half the community debts, and should cease when civil reparation ends. Any more would be punitory.
These views are those held by us in the case of “Jones vs. Succession of Hoss,” 29 A. 564, where we held in substance that actions for injury done to the feelings and reputation, not affecting person or property, did not survive against the heirs of the wrongdoer. We adhere to that view.
2. The plaintiff sues Dicey Varnado as widow in community, and Celia and R. Scott Varnado as unconditional heirs of Wade H. Varnado. Their answer is a general denial.
It appears from the evidence and pleadings that Dicey is the widow, and R. Scott an heir of the deceased, Wade H. Varnado, but there is no proof as to Celia.
Article 1000, C. C., declares that “ the person called to the succession does an act which makes him liable as heir, if when cited before a court of justice as heir, for a debt of the deceased, he suffer judgment to be given against him in that capacity, without claiming the benefit of inventory, or renouncing the succession.”
Civil Code, article 1017, provides: “The renunciation of a succession is not presumed; it must be made expressly by public act, etc.” The same rules are applicable to the wife’s acceptance or renunciation of the community, when terminated by death of the husband, except that she can not accept under benefit of inventory. She is presumed to accept if she does not expressly renounce. Ludeling vs. Felton, 29 A. 719.
When a party sues or is sued in a representative capacity conferred by law, such as curator, tutor, heir, etc., a general denial does not put at issue the existence of that capacity. 1 A. 336 ; 3 M. 378 ; 2 N. S. 389 ; 4 N. S. 615; 5 N. S. 343; 1 L. 113, 283; 4 L. 328; 19. L. 429.
We think it clearly results from these principles that the general denial filed by 'the heirs and widow in community (being capacities ere *929 ated by law) did not put plaintiff on proof of such capacities, which, not being specially denied, were admitted.
3. Ricks, and the estate of Yarnado, represented by the widow and heirs, are sued as co-trespassers and solidary obligors. To the extent that the estate of Yarnado is liable, the judgment against it would be solidary with that against Ricks, but would divide itself as follows : one half against the widow, and one half against the two heirs jointly.
4. It is said the damages awarded are excessive. The evidence discloses a most cruel, unmanly, and wanton outrage, perpetrated by the deceased, Yarnado, and Ricks, upon the defenseless wife and children of plaintiff, who were ejected at night from their home, and their household goods thrown out of doors, during plaintiff’s absence from home. It is unnecessary to go into particulars. So far as Ricks is concerned, we shall not disturb the verdict of the jury, who awarded $5000 damages against him. But we have seen that the widow and heirs of Yarnado are not liable to the infliction of these exemplary and punitive damages, but oniy for civil reparation. The evidence as to the actual damages done is not very satisfactory or definite, but we think it better that we now decide the whole case. We think that three hundred dollars would cover the actual loss, of plaintiff resulting from the wrongful acts complained of, and will give judgment against the widow and heirs of Yarnado for that amount.
It is therefore ordered, adjudged, and decreed that the judgment appealed from, as relates to the defendant, Ricks, be affirmed, with costs of both courts. That said judgment, as against the widow and heirs of Yarnado, be amended, and reduced to three hundred dollars (in solido with the judgment against Ricks). Said three hundred dollars to be paid, one half by Dicey Yarnado, and one half by Celia and R. Scott Yarnado, jointly. That the costs of the court below be paid by the defendants, and the costs of appeal as to said widow and heirs be paid by plaintiff. That said judgment as thus amended be affirmed.